UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Action |
| | ) No. 21-MJ-100 |
| vs. | ) |
| | ) |
| RASHA ABUAL-RAGHEB, | ) January 25, 2021 |
| | ) 3:54 p.m. |
| Defendant. | ) Washington, D.C. |
| | ) |

* * * * * * * * * * * * * * * *


**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE G. MICHAEL HARVEY,**
**UNITED STATES DISTRICT COURT MAGISTRATE JUDGE**


**APPEARANCES**:

FOR THE UNITED STATES:
                        KELLY SMITH
                        U.S. Attorney's Office
                        for the District of Columbia
                        555 4th Street, NW
                        Washington, DC 20530
                        (202) 252-7786

FOR THE DEFENDANT:
                        ELITA C. AMATO
                        2111 Wilson Boulevard
                        Arlington, VA 22201
                        (703) 522-5900
                        Email: amato@amatoatlaw.com

ALSO PRESENT:        ANDRE SIDBURY, Pretrial Services

Court Reporter:      Elizabeth Saint-Loth, RPR, FCRR
                     Official Court Reporter


*This hearing was held via videoconference and*
*telephonically and is therefore subject to the limitations*
*associated with the use of technology, static interference, etc.*

Proceedings reported by machine shorthand, transcript
produced by computer-aided transcription.

1                    **P R O C E E D I N G S**

2              THE COURTROOM DEPUTY:  Judge, this is case

3      21-MJ-100, United States of America versus Rasha

4      Abual-Ragheb.  This is scheduled to be an initial appearance

5      on a Rule 5 case.

6              Would the parties please introduce themselves to

7      the Court, beginning with the government.

8              MS. SMITH:  Kelly Smith for the United States.

9              MS. AMATO:  Good afternoon, Your Honor.

10             Happy New Year.

11             Elita Amato on behalf of Rasha Abual-Ragheb.

12             MR. SIDBURY:  Andre Sidbury for pretrial services.

13             THE COURT:  Mr. Tran, would you please swear in

14     the defendant.

15             (Whereupon, the defendant was sworn.)

16             THE DEFENDANT:  Yes.

17             THE COURT:  Ma'am, please state your name for the

18     record.

19             THE DEFENDANT:  First name is Rasha, last name

20     Abual-Ragheb, R-A-G-H-E-B.

21             THE COURT:  How do you pronounce your last name?

22             THE DEFENDANT:  Ragheb; but you can call me Rasha.

23             THE COURT:  And how old are you?

24             THE DEFENDANT:  I am 40.

25             THE COURT:  How far did you go in school?

1           THE DEFENDANT:  GED.

2           THE COURT:  Have you taken any drugs, alcohol, or

3   medicine in the past 24 hours that would make it difficult

4   for you to understand what's happening here today?

5           THE DEFENDANT:  No.

6           THE COURT:  You are here for purposes of a first

7   appearance here in Washington, D.C.

8           I am going to make sure you have counsel or

9   appoint you counsel, if you are eligible.  We will discuss

10  the possible conditions of release as it's assumed the

11  government is not seeking your detention here today I take

12  it... (indiscernible).  All right?

13          THE DEFENDANT:  Okay.

14          THE COURT:  You are appearing by video due to the

15  pandemic.  We can only proceed by video with your

16  permission.  Do you give permission -- by having to proceed

17  by video and retain any rights you may have to an in-person

18  proceeding in order to protect your (indiscernible) of the

19  case -- to not be in the courtroom physically?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Ms. Amato, have you been appointed as

22  counsel in this case?  Were you appointed to be her counsel,

23  or are you retained?

24          MS. AMATO:  I am appointed counsel.  And my

25  understanding, Your Honor, is that she does seek appointed

1    counsel and that she does already qualify.

2              THE COURT:  Okay.  I believe, I just was -- I just

3    reviewed her financial affidavit; I believe I have seen it

4    before.  I do find that she is eligible for appointment of

5    counsel.

6              Ma'am, do you wish to be appointed counsel in this

7    case?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  All right.  Well, then I will appoint

10   Ms. Amato to be your attorney in this case.

11             Do you consent to Ms. Amato being your attorney?

12             THE DEFENDANT:  Yes.

13             THE COURT:  All right.  Well, she will be your

14   attorney.

15             Ma'am, this case has one Class A misdemeanor in

16   this case; and because of that, you have the right to a

17   trial, a judgment, and sentencing in this case by a district

18   judge or, with consent, by a magistrate judge.  You don't

19   need to make that election here today, Ms. Amato will help

20   you make that decision.

21             You do want to make it prior to setting a trial

22   date to (indiscernible) before any filings as to dispositive

23   motions; you do make that election to the judge -- the

24   district judge or a magistrate judge that will be selected

25   at random.

1          Do you understand that?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  Is the government seeking detention

4   here today?  If not, what conditions of release are you

5   recommending?

6          MS. SMITH:  The government is not seeking

7   detention at this time, Your Honor.

8          And the following conditions are that -- we'd ask

9   that the defendant stay away from Washington, D.C.; also,

10  report to pretrial with her attorney; call pretrial services

11  once a week and verify her address; to advise pretrial

12  services of any travel in the United States outside of her

13  home jurisdiction -- which her home, for the record, Your

14  Honor, is in New Jersey; no travel outside of the United

15  States without court approval; participate in all future

16  proceedings as directed; possess no illegal firearms, and

17  commit no other state or federal crimes.

18         We would also be asking for retention of -- the

19  supervision requirement out of the District of New Jersey

20  requests the defendant relinquish her passport, which I

21  believe she has already done; we would just ask that that

22  remain in the custody of pretrial services in her

23  jurisdiction.  I am not entirely sure how that would work

24  out.

25         There is one other -- I did want to point Your

```
1      Honor to (indiscernible) in her pretrial services report,

2      the government does believe that under "other conditions"

3      she receive mental health medication...

4      (indiscernible/static interference) and mental health

5      treatment as well.

6                THE COURT:  Okay.  Mr. Sidbury, additional

7      requests?

8                MR. SIDBURY:  Your Honor, we would just request

9      not possess any firearm; but, other than that, we agree with

10     all of the other recommendations.

11               THE COURT:  Okay.  Ms. Amato?

12               MS. AMATO:  Your Honor, we'd object to pretrial's

13     additional request.

14               We don't object to the government standards.  They

15     think that -- as well as the additional request that she

16     maintain her medications.

17               My understanding is that when she's in New

18     Jersey -- over there she asked for mental health treatment,

19     and she was given mental treatment.  And so, I guess, that's

20     one of the things -- I don't know if this Court would have

21     to also order that for that to continue -- her New Jersey

22     mental health treatment -- but she's asked for that.

23               THE COURT:  Okay.  Mr. Sidbury, I would imagine

24     that it's something that would have to be supervised out of

25     the District of New Jersey, is that correct, or --
```

1            MR. SIDBURY:  That is correct, Your Honor.

2            They would be able to supervise her in that

3    jurisdiction, but we would have to put in courtesy

4    supervision before it's provided -- for the defendant to

5    provide a (indiscernible) form, and the defendant's provider

6    would need a mental health treatment form.  We need to

7    establish it before it happens -- before it occurs to seek

8    treatment, to have her sign a new patient form for us to get

9    information for her to be supervised in New Jersey.

10            THE COURT:  Ms. Amato.

11            MS. AMATO:  Well, I mean, if it can be done -- I

12    mean, I know I have had that done in other cases actually.

13    She wants the mental health treatment, so --

14            THE COURT:  What could be done?  Will she sign a

15    release so that she can be monitored by D.C. pretrial

16    services?

17            MS. AMATO:  I believe she will.

18            THE COURT:  Okay.  Well, I will order that she

19    does so.

20            So, ma'am, I am going to release you on your

21    personal recognizance, but with the following conditions; my

22    conditions will -- yes?

23            MR. SIDBURY:  Your Honor, at this particular

24    point, we are not aware of how to -- how the mental health

25    is being paid for.

1          If New Jersey is paying for the mental health,

2    pretrial courtesy will not pay for mental health treatment.

3    So we would ask that -- that would have to come out of where

4    the defendant is currently being supervised.  So even if we

5    were to have her sign a release and New Jersey is paying for

6    the mental health treatment -- we do not pay for the mental

7    health treatment for the defendant.

8          THE COURT:  Well, I don't know how that might

9    work.  I don't know about her ability to pay, but she lives

10   there -- but you've arrested her here.  I don't know which

11   budget it should come out of.  Arguably ours?  I don't know.

12         MR. SIDBURY:  I would ask that the Court pass the

13   matter so I can speak with a supervisor (indiscernible).  Is

14   the defendant --

15         THE COURT:  Well, let's do that because I want to

16   get this stuff right.  If it means that she has to be

17   supervised up there -- if they're willing to accept her

18   supervision and give her the mental health treatment that

19   she seems to want and may well need, then let's get it set up.

20         I will pass this case.

21         Call the next case, Mr. Tran.

22         (Whereupon, this proceeding was in recess from

23   4:06 to 4:49 p.m.)

24         (Overlapping speakers.)

25         MS. SMITH:  Kelly Smith for the government.

1              MR. SIDBURY:  Andre Sidbury for pretrial services.

2              THE COURT:  Go ahead.

3              MR. SIDBURY:  Your Honor, the defendant would have

4       to remain in New Jersey -- she would have to receive

5       courtesy supervision for them to pay to maintain her mental

6       health treatment there.

7              Pretrial services will only permit local vendors

8       to provide mental health treatment; and they are paying for

9       the defendant's mental health treatment in New Jersey.  So

10      you would have to say the defendant is on courtesy

11      supervision or order courtesy supervision.

12             THE COURT:  And are they willing to accept

13      courtesy supervision of this defendant?

14             MR. SIDBURY:  Yes, Your Honor.

15             THE COURT:  Okay.  Ms. Amato, I assume that is

16      what you want to do?

17             MS. AMATO:  Yes, please.  Thank you.

18             THE COURT:  Okay.  Does the government have any

19      objection to that?

20             MS. SMITH:  None whatsoever, Your Honor.  The

21      government does not object.

22             THE COURT:  All right.  I am going to try to

23      say -- you know, there are so many cases -- tell me again,

24      government, what conditions outside of the standard ones --

25      I know we talked about mental health treatment and

1    maintaining her medication.

2           What other conditions are you requesting with

3    respect to this defendant outside of the standard ones?

4           MS. SMITH:  We'd just ask that the defendant

5    relinquish her passport, which I believe she has already

6    done (indiscernible).  So that was the only one in addition

7    to the medication we had requested, which -- it sounds like

8    that would be part and parcel to treatment.

9           THE COURT:  Understood.

10          Ma'am, then I am going to release you on the

11   following conditions, so listen carefully:  You are to --

12   you are going to be courtesy supervised -- you are going to

13   be supervised by the pretrial services conditions [sic] in

14   New Jersey; you are to report back to -- as directed by that

15   jurisdiction.

16          You will need to figure out from them how often

17   you are to report and how you can report; perhaps they have

18   reporting by phone -- I don't know.  You must report as

19   directed by the District of New Jersey.

20          You are to stay away from Washington, D.C. with

21   the exception of meetings with your counsel and court -- and

22   court proceedings.

23          You are to not travel -- or only travel outside of

24   your home jurisdiction of New Jersey if you notify pretrial

25   services in New Jersey.  You are not to travel outside the

1       continental United States without courtesy -- written

2       permission of the Court.  You are to surrender your passport

3       to the District of New Jersey, which I believe you have done

4       that already.

5               You are to maintain your mental health

6       treatment -- receive mental health treatment; maintain your

7       medication with respect to that.

8               As a result of your release in this case, you are

9       not to possess illegal firearms.  You are to participate in

10      all future court proceedings.  You are not to commit any

11      state, federal, or local crimes during the pendency of this

12      case.

13              MS. AMATO:  Your Honor, I just want to make sure

14      it's clear that she can travel to my office.  My office is

15      actually in Arlington, Virginia; so I want to just make sure

16      the travel to the D.C. area covers my office as well.

17              THE COURT:  I'm sorry.  I couldn't hear.

18      Travel --

19              MS. AMATO:  Travel to Arlington.

20              THE COURT:  That's not going to be an issue.  She

21      just has to stay out of D.C.

22              So what you need to do is notify pretrial, when

23      traveling outside of the District of New Jersey to meet with

24      counsel; I don't think that's going to be an issue.  It's

25      not going to be an issue in this case (indiscernible).

```
 1                    Okay.  Anything further from the government?

 2                    MS. SMITH:  Nothing further.

 3                    Did we set a next date in this case, Your Honor?

 4                    THE COURT:  Thank you.

 5                    Ma'am, I will give you the conditions of release

 6     once we complete it in the next day or so.  Ms. Amato will

 7     send you those.

 8                    Ms. Amato, what about the next date, preliminary

 9     hearing, and speedy trial?

10                    MS. AMATO:  Yes, Your Honor.

11                    At this point we're still requesting a preliminary

12     hearing.  We've agreed with the government for a date of

13     February 22nd.  We will exclude and waive any time between

14     now and then (indiscernible) -- it's been 21 days since her

15     arrest, which was January 19th.

16                    THE COURT:  Okay.  So she waives her right to

17     waive [sic] the preliminary hearing for 21 days from her

18     first appearance.  So once the preliminary hearing is --

19     it's set for February 22nd, at one o'clock.

20                    And what about speedy trial?

21                    MS. AMATO:  Well, we waive it at this point until

22     the next hearing.

23                    THE COURT:  Okay.  All right.  Then I will set

24     this case for a preliminary hearing on February 22nd, at 1

25     p.m. -- the defendant having waived her right to a
```

1    preliminary hearing at an earlier point, within 21 days from

2    her initial appearance.

3             I will also toll all time between now and

4    February 22nd for purposes of any calculation of the Speedy

5    Trial Act, which is based on the representations of the

6    parties that find that such exclusion of time will serve the

7    interests of justice and outweigh any interest of the

8    defendant and the public in a speedy trial given the

9    voluminous discovery that will need to be produced and

10   reviewed in this case.  It will also provide time for the

11   defendant to consider how to move forward.

12             Anything further, government?

13             MS. SMITH:  Nothing further at this time, Your

14   Honor.  Thank you.

15             THE COURT:  Ms. Amato?

16             MS. AMATO:  No.  Thank you, Your Honor.

17             THE COURT:  All right, then.  The parties are

18   excused.

19             THE DEFENDANT:  Thank you.

20             (Whereupon, the proceeding concludes.)

21                       *  *  *  *  *

22

23

24

25

CERTIFICATE

I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby certify that the foregoing constitutes a true and accurate transcript of the FTR Gold software proceedings, and is a full, true, and complete transcript of the proceedings transcribed to the best of my ability.

PLEASE NOTE:  This hearing was held via videoconference and/or telephonically in compliance with the COVID-19 pandemic stay-safer-at-home recommendations and is therefore subject to the limitations associated with the use of technology, including but not limited to telephone signal interference, static, signal interruptions, and other restrictions and limitations associated with remote court reporting via telephone, speakerphone, and/or videoconferencing capabilities.

This certificate shall be considered null and void if the transcript is disassembled and/or photocopied in any manner by any party without authorization of the signatory below.

Dated this 21st day of April, 2022.

/s/ Elizabeth Saint-Loth, RPR, FCRR
Official Court Reporter